```
              IN THE UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF OHIO

                       WESTERN DIVISION


UNITED STATES OF AMERICA,     ) CASE NO. 3:13-CR-134
                              )
            Plaintiff,        ) JUDGE JAMES G. CARR
                              )
       v.                     )
                              )
SHAWN M. WYMER,               )
                              ) SECOND FINAL ORDER OF FORFEITURE
            Defendant.        ) ($8,110.00 IN U.S. CURRENCY)
```

It appears to the Court that proper proceedings for the issuance of this Second Final Order of Forfeiture have been had in this case as follows:

1. On June 12, 2013, a federal grand jury sitting in this district returned a 17-count superseding indictment (Dkt. No. 48) in the above-captioned case. Count 1 of the superseding indictment charged defendant Shawn M. Wymer with conspiracy to commit violations of interstate transportation of stolen motor vehicles and goods, theft of interstate shipments and possession of stolen interstate shipments, in violation of 18 U.S.C. § 371.

2. With respect to defendant Shawn Wymer, the forfeiture provision set forth in the superseding indictment specified as follows: "The allegations contained in [Count] 1 ... of this

Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(5) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461. As a result of the foregoing [offense, defendant] ... SHAWN M. WYMER shall forfeit to the United States all property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense [18 U.S.C. § 982(a)(5)]; and, all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of such offense [18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461]; including, but not limited to, the following:

...

f.) A total of $8,110.00 in U.S. Currency seized from the Sterling chop shop on February 7, 2013. ...

g.) 2006 Chrysler 300C, VIN: 2C3KA63H36H228612. ...

... ."

3. A change of plea hearing as to defendant Shawn Wymer was held on September 3, 2013. A plea agreement (Dkt. No. 99) was executed and defendant Wymer entered a guilty plea to the charge set forth in Count 1 of the superseding indictment. Among other things, the parties agreed as follows with respect to forfeiture:

a.) Pursuant to 18 U.S.C. Section 982(a)(5) and 18 U.S.C.

Section 981(a)(1)(C) & 28 U.S.C. Section 2461, defendant Shawn Wymer agreed to the forfeiture of the following properties to the United States:

- A total of $8,110.00 in U.S. Currency seized from the Sterling chop shop on February 7, 2013.
- 2006 Chrysler 300C, VIN: 2C3KA63H36H228612.

b.) Defendant Shawn Wymer further stated that he is the owner of these properties, and agreed that: (i) these properties are subject to forfeiture under 18 U.S.C. § 982(a)(5) as they represent, or are traceable to, the gross proceeds obtained, directly or indirectly, as a result of the commission of the offense charged in Count 1 of the superseding indictment; and, (ii) these properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 as they constitute, or are derived from, proceeds traceable to the commission of the offense charged in Count 1 of the superseding indictment.

c.) Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, defendant Shawn Wymer consented that the forfeiture of the subject properties would become final as to him upon the Court's entry of the Preliminary Order of Forfeiture.

4. By the Preliminary Order of Forfeiture (Dkt. No. 112), filed on September 19, 2013, the following properties were forfeited to the United States under 18 U.S.C. § 982(a)(5) and

3

18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) [as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c)]:

- A total of $8,110.00 in U.S. Currency seized from the Sterling chop shop on February 7, 2013.
- 2006 Chrysler 300C, VIN: 2C3KA63H36H228612.

5. Under 21 U.S.C. § 853(n), third parties asserting a legal interest in initially forfeited properties are entitled to a judicial determination of the validity of the legal claims or interests they assert.

6. By an Agreement attached as Exhibit 1 to the Preliminary Order of Forfeiture (Dkt. No. 108-2, at Page ID Nos. 679-683), the United States and Dianna Vannes (a potential claimant to the subject properties) agreed as follows:

- Dianna Vannes disclaimed any interest in the subject properties, and consented to their forfeiture under 18 U.S.C. § 982(a)(5) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461.
- Dianna Vannes agreed that she will not contest the forfeiture action instituted by the United States against the subject properties.

7. In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, notice of the Preliminary Order of Forfeiture (Dkt. No. 112) was posted on

4

an official government internet site for at least 30 consecutive days, beginning on September 25, 2013 and ending on October 24, 2013.  *See*, Dkt. No. 171: First Final Order of Forfeiture, Exhibit 1 (Declaration of Publication), at Page ID Nos. 1165 and 1166.

    8.   No third party claims to the subject properties were made as a result of the internet notification. (Docket)

    9.   On January 21, 2014, this Court entered a First Final Order of Forfeiture (Dkt. No. 171) as to the 2006 Chrysler 300C, VIN: 2C3KA63H36H228612.

    10.  On April 30, 2015, this Court conducted a forfeiture hearing as to co-defendant Michael Wymer, a potential claimant to the subject $8,110.00 in U.S. Currency.

    11.  As a result of the forfeiture hearing, the subject $8,110.00 in U.S. Currency was found to constitute "proceeds that were seized from the defendant and obtained from the conspiracy as charged in Count 1 of the indictment."[1]  *See*, Dkt. No. 445: Judgment, at p. 7.

---

[1] Additionally, at the April 30, 2015 forfeiture hearing, the following specific properties also were found to constitute "proceeds during the conspiracy as to Count 1": (i) A total of $510.00 in U.S. Currency seized from 661 Sterling Street, Toledo, Ohio, on February 7, 2013; and, (ii) 2012 Volkswagen Passat, VIN: 1VWAH7A32CC096938.  *See*, Dkt. No. 445: Judgment, at p. 7.  These properties will be the subject of a separate Order of Forfeiture.

12. Based upon the foregoing, and in accordance with 21 U.S.C. § 853(n)(7), the United States is entitled to the entry of this final order of forfeiture.

**Accordingly, it is ORDERED, ADJUDGED, and DECREED:**

13. The following property is finally forfeited to the United States under 18 U.S.C. Section 982(a)(5) and 18 U.S.C. Section 981(a)(1)(C) & 28 U.S.C. Section 2461, and no right, title, or interest shall exist in any other party:

- A total of $8,110.00 in U.S. Currency seized from the Sterling chop shop on February 7, 2013.

14. The United States shall seize and take control of this property, and shall dispose of it in accordance with law.

**SO ORDERED** this 29th day of May, 2015.

>   s/James G. Carr_____
>   James G. Carr
>   United States District Judge
>   Northern District of Ohio